UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGIE M. ENSLEY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | NO.  C2:14-CV-0240-MJP-JLW<br><br>REPORT AND RECOMMENDATION |

<u>BASIC DATA</u>

Type of benefits sought:

　　( ) Disability Insurance

　　(X) Supplemental Security Income

Plaintiff's:

　　Sex: Female

　　Age: 35 at alleged onset date, 37 at ALJ hearing

Principal Disabilities Alleged by Plaintiff: bipolar disorder, borderline personality disorder, generalized anxiety disorder, obesity, and mild spondylosis of the lumbar spine.

Disability Allegedly Began: November 1, 2007

Principal Previous Work Experience: customer service clerk, cashier, driver, retail sales clerk

Last worked: 2010

Education Level Achieved by Plaintiff: did not finish high school or GED

REPORT AND RECOMMENDATION - 1

PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ Ilene Sloan:

    Date of Hearing: January 9, 2013, hearing transcript AR 33-65

    Date of Decision: February 27, 2013

    Appears in Record at:  AR 16-28

    Summary of Decision:

        Claimant has not engaged in substantial gainful activity since her alleged onset date; she has severe impairments of bipolar disorder, borderline personality disorder, generalized anxiety disorder, obesity, and mild spondylosis of the lumbar spine.  She has nonsevere impairments of asthma, substance abuse in remission, Bell's Palsy, borderline hypertension, and porphyria .  Her impairments, even in combination, do not qualify under the Listings.  As to claimant's credibility, the ALJ concluded the symptom severity she alleges is not supported by the evidence, based on her medical records and activities.

        She has the RFC to perform medium work, subject to certain limitations.  She can understand, remember and carry out unskilled work that is routine. She is able to work in the proximity of co-workers, but cannot perform tandem tasks, or tasks involving a cooperative team effort.  She cannot have contact with the general public.

        She cannot perform any of her past relevant work.  The testimony of the vocational expert identified examples of three jobs she can perform: forest products gatherer, janitor, and laundry worker.  This establishes she can perform substantial work which exists in the national economy and requires a finding of "not disabled."

Before Appeals Council:

    Date of Decision: December 20, 2013

    Appears in Record at: AR 1-5

    Summary of Decision: declined review

PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

(X)  Reverse and remand with instructions for further proceedings.

REPORT AND RECOMMENDATION - 2

## SUMMARY OF RECOMMENDATION

There is merit to some of Plaintiff's assignments of error. The ALJ did not provide specific and legitimate reasons for dismissing the opinion of examining psychologist, Dr. Schimmel, and did not factor into Plaintiff's RFC the limitations he identified. The resulting RFC is not based on substantial evidence and the error is harmful. The court should remand the case for reconsideration of Dr. Schimmel's opinion, as well as the opinions of Drs. Johansen and Harmon, which the ALJ reasoned were based on Dr. Schimmel's opinion. After making new determinations as to the appropriate weight to be given those opinions, the ALJ should then, if necessary, redetermine Plaintiff's RFC, seek new testimony from a Vocational Expert, and make a new determination as to eligibility for benefits.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## EVALUATING DISABILITY

The claimant, Ms. Ensley, bears the burden of proving she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do his previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

## ISSUES ON APPEAL

1. Did the ALJ err in assessing Plaintiff's credibility?
2. Did the ALJ err in assessing medical evidence?

Dkt. No. 20.

## DISCUSSION

***Plaintiff's Credibility Regarding Her Symptom Severity***

The ALJ determined the symptom severity Plaintiff alleges is not supported by the evidence. AR 22. Plaintiff does not dispute the accuracy of specific findings but alleges the

REPORT AND RECOMMENDATION - 4

ALJ's selective summary of the record does not fully reflect her impairments. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony about the severity of her symptoms. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ cites no evidence of malingering; therefore the clear and convincing standard applies. The ALJ provides a detailed report of Plaintiff's reduced credibility regarding the severity of her symptoms, supported by a list of reasons. This court finds the ALJ's first three reasons are clear, convincing, and supported by substantial evidence. The ALJ' other reasons are less convincing, specifically that: financial issues and situational stressors are the source of Plaintiff's anxiety, she reports being depressed for years while able to work, she continues to smoke despite providers counseling her to quit, and that Plaintiff has not consistently sought mental health counseling. AR 23.

Regardless, three of the ALJ's reasons are sufficient to find reduced credibility is based on substantial evidence and not in error: (1) the severity of Plaintiff's alleged mental limitations are inconsistent with clinical findings. AR 22. (2) Physical examination findings are relatively unremarkable. AR 23. (3) Inconsistencies in the record detract from Plaintiff's credibility. AR 23.

First, regarding Plaintiff's alleged mental limitations, the ALJ points to a list of relatively mild and moderate findings. AR 22. Plaintiff does not dispute these findings but points to other clinical findings that show her difficulty. However, the records Plaintiff cites demonstrate no overall findings significantly more severe that those the ALJ cited. *See* Plaintiff's Opening Brief at 4-5; Plaintiff's Reply at 2-4. Although providers find Plaintiff has

REPORT AND RECOMMENDATION - 5

anxiety and coping problems, the ALJ's finding that she has adequate cognitive skills for simple work and that her moods are sufficiently stable with medication is also based on substantial evidence. AR 266, 339. Plaintiff testified that she is able to focus better when she takes her medication. AR 49. An ALJ properly considers a claimant's favorable response to treatment. *Tommasetti v. Astrue*, 533 F.3d. 1035, 1039-40 (9th Cir. 2008).

Second, the ALJ finds her physical examination findings are relatively unremarkable, citing normal examination results and instances of only mild problems with her back. AR 23. Again, Plaintiff does not dispute this but asserts that her obesity compounds her physical problems. However, Plaintiff does not point to any evidence of severe physical limitations, or opinions of such by any medical provider. Contradiction with medical records is sufficient to reject subjective testimony. *See Carmickle v. Comm'r.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

Third, the ALJ finds inconsistencies in the record detract from Plaintiff's credibility. AR 23. In support, the ALJ cites activities of Plaintiff's daily living including some social activities with her family, including her children and their father. Plaintiff testified to visiting a family campsite with her children during the summer of 2012. AR 53. Plaintiff plays gambling games online, attends church, and goes to coffee and restaurants with friends and family. Plaintiff argues these activities do not show she can perform full time work. Contrary to Plaintiff's assertion, the ALJ is not required to show the activities equate to the ability to work, and this is not the reason the ALJ cited. The ALJ found the activities contradict Plaintiff's allegations of significant anxiety and difficulty dealing with others. This is a permissible consideration. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (ALJ properly considers claimant's activities that contradict claimant's testimony in making adverse credibility determination).

REPORT AND RECOMMENDATION - 6

The ALJ provides at least three reasons for discounting her alleged symptom severity that are clear, convincing and based on substantial evidence. Plaintiff takes a different reading of particular evidence but does not demonstrate the ALJ's conclusion is in error. Even considering the evidence Plaintiff argues does not undermine the ALJ's conclusion here.

*The ALJ Erred in Weighing the Medical Opinion Evidence*

Plaintiff asserts the ALJ erred in discounting the opinions of examining psychologists, Drs. Schimmel, Johansen, and Harmon, and that her resulting RFC is not based on substantial evidence. If the ALJ rejects a treating or examining physician's opinion that is contradicted by another doctor, he must provide specific, legitimate reasons based on substantial evidence in the record. *Lester v. Chater,* 81 F.3d 821, 830-31 (9th Cir. 1995); *Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 692 (9th Cir. 2009). Here, the opinions of the three examining psychiatrists are contradicted in part by the opinions of the two nonexamining, state agency psychological consultants, Drs. Bailey and Donohue, who found Plaintiff able to do some work. AR 24. Thus, the ALJ is required to provide "specific and legitimate" reasons based on substantial evidence in the record for rejecting the opinions of Drs. Schimmel, Johansen, and Harmon.

**Consulting Psychological Examiner, Dr. Don Schimmel, Ph.D.**

The ALJ dismissed Dr. Schimmel's April 2009 opinion in its entirety, reasoning: "No weight is assigned to the consultative DSHS evaluation by Dr. Schimmel, as this was previously considered in the final reconsideration determination." AR 25 citing 307-10. Thus, the ALJ's clear, singular reason for giving no credit to the opinions of this examining psychiatrist is that they were previously considered by the Commisioner in making a final determination of a prior application. Defendant cites and this court does not find any authority indicating this is a legally sufficient reason to disregard Plaintiff's medical evidence,

REPORT AND RECOMMENDATION - 7

particularly that of an examining provider who had occasion to evaluate her symptoms in person.  It appears that Plaintiff made a prior application for SSI benefits, and Dr. Schimmel's report was part of the record.  But there is no indication the Commissioner made any evalutaion at that time as to the merits of Dr. Schimmel's opinions.  The prior application was dismissed when Plaintiff did not appear for a scheduled hearing.  The court therefore perceives no validity to the reason assigned by the ALJ for ignoring Dr. Schimmel's opinions in connection with this application.  Instead, the Commissioner now asserts the rejection of Dr. Schimmel's opinions was proper because (1) Dr. Schimmel's opinion is a dispositive disability finding reserved for the Commissioner; and (2) because it was based primarily on Plaintiff's subjective symptoms (which, Defendant argues, was relied upon by Drs. Johansen and Harmon, opinions the ALJ dismissed for being overly based on Plaintiff's discredited subjective symptoms).  Regardless of whether they are true, neither of these reasons was given by the ALJ.  District courts are emphatically not permitted to rely upon *post hoc* rationalizations of the ALJ's decision.  *Bray v. Commissioner of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

     Dr. Schimmel's opinion is also of significance in this case because, in discounting the opinions of Drs. Johansen and Harmon, the ALJ gives them "little weight" reasoning that the doctors only reviewed previous DSHS evaluations "which also only rely on the claimant's subjective reports."  AR 24, 25.  In so doing, the ALJ does not specifically name Dr. Schimmel, but Drs. Johansen and Harmon do, and the record reflects that Dr. Schimmel's was the only other DSHS physician opinion in Plaintiff's record at that time.   Thus, much of the ALJ's reasoning for discounting the opinions of Drs. Johansen and Harmon are because they relied on Dr. Schimmel's opinion.

After conducting a mental status examination and clinical interview, Dr. Schimmel opined Plaintiff would be unable to work. Dr. Schimmel reported Plaintiff is "significantly impaired" and therefore "unemployable in any capacity." He believed Plaintiff's incapacity would continue for at least twelve months, "though more likely indefinitely." Dr. Schimmel further noted that although "mental health treatment and medication management might help her stabilize, they are unlikely to affect her long-term prospects for returning to work." AR 310. Dr. Schimmel comments on Plaintiff's mental health treatment and response to medication, issues that are central to Plaintiff's case. The ALJ is therefore required to provide specific and legitimate findings based on substantial evidence in the record regarding this opinion, unless corresponding limitations are incorporated into Plaintiff's RFC. They were not. Remand to the Commissioner is therefore necessary so that the ALJ can make specific and legitimate findings based on substantial evidence in the record regarding Dr. Schimmel's opinion.

**Consulting Psychological Examiners, Steve Johansen, Ph.D., and Dana Harmon, Ph.D.**

Dr. Johansen performed a psychological examination of Plaintiff in March 2010 (AR 311-17), finding marked limitations in her ability to perform certain work-related activities including the ability to initiate/complete tasks, maintain appropriate work behavior, and respond appropriately to the pressures/pace of a work environment. Dr. Johansen noted he reviewed Dr. Schimmel's 2009 opinion. Dr. Johansen concluded Plaintiff's limitations would persist longer than twelve months. AR 311, 313, 316. The ALJ gave "little weight" to Dr. Johansen's opinion, reasoning he relies too heavily on the claimant's subjective complaints "as he only relies on previous DSHS evaluations (which also only rely on the claimant's subjective complaints)." The ALJ also noted that Dr. Johansen's testing showed Plaintiff has fairly

REPORT AND RECOMMENDATION - 9

normal cognitive ability and thought processes, that Dr. Johansen's medical source statement provided little information regarding Plaintiff's ability to function in a workplace setting, and that Dr. Johansen's report is highly inconsistent with Plaintiff's reported activities.  AR 25.

Similarly, Dr. Harmon performed a psychological examination of Plaintiff in February 2012 (AR 318-29), finding marked limitations in her ability to perform in eight categories of work-related activities and severe limitations in her ability to communicate and perform effectively in a work setting with public contact.  AR 322.  Dr. Harmon noted she reviewed Dr. Schimmel's 2009 opinion and Dr. Johansen's 2010 opinion.  AR 318.  Dr. Harmon opined Plaintiff did not seem able to maintain sustained, gainful employment, and that the goals of her treatment should be focused on stabilization and minimizing further psychiatric crises and hospitalizations.  AR 320.  The ALJ dismissed Dr. Harmon's opinion for much of the same reasons as he dismissed Dr. Johansen's opinion, particularly that "she relied heavily on claimant's subjective complaints as she reviewed no other records outside of previous DSHS evaluations (which also rely on the claimant's subjective reports)."

An ALJ may reject a doctor's opinion that is premised on a claimant's subjective complaints that the ALJ has properly discounted as not credible.  *See Bray v. Comm'r. SSA*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Tommasetti v. Astrue*, 533 F.3d. 1035, 1041 (9th Cir. 2008).  However, as the ALJ reasons, Dr. Schimmel's opinion is central to the opinions of Drs. Johansen and Harmon.  But Dr. Schimmel's opinions were not validly dismissed.  The ALJ did not include any analysis as to the substance of Dr. Schimmel's opinion, and based rejection of the subsequent examining doctors' opinions largely on their reliance of Dr. Schimmel's evaluation.  The ALJ's rejection of the opinions of Drs. Johansen and Harmon are therefore not based on substantial evidence and is in error.

REPORT AND RECOMMENDATION - 10

On remand the ALJ should first thoroughly analyze and assign weight to Dr. Schimmel's opinion. Then, the ALJ should reassess the opinions of Drs. Johansen and Harmon, specifically analyzing what impact Dr. Schimmel's opinion has on them. If the ALJ again attaches little or no weight to the opinions of one or more of these physicians, the ALJ must state legally valid reasons for doing so. If the ALJ attaches significant weight to one or more of them, the ALJ should re-determine Plaintiff's RFC, and, if necessary, obtain new testimony from a Vocational Expert, and re-determine Plaintiff's eligibility for benefits.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative proceedings.

A proposed order accompanies this Report and Recommendation. Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed. If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect the parties' right to appeal. If objections are filed, any response is due within fourteen (14) days after being served with the objections. A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages.

DATED this 14th day of October, 2014.

_____
JOHN L. WEINBERG
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11